Opinion by
Mr. Chief Justice Moore.
A judgment was entered in the district court in favor of the Griffin Pipe Products Company against the Jefferson County Bank of Lakewood for the sum of $4,212.13. This amount was the purchase price of materials used in the construction of water lines installed under the following circumstances.
*108 On or about June 1, 1961, a group of property owners near Wheatridge, Colorado, organized what became known as the Garland-Garrison Water Association for the purpose-of securing domestic' water service to their homes. One John V. Sampson was named chairman of the association and Virginia Belle Stone was named secretary. They received substantial payments of money from members of the association which were placed in escrow-with the Jefferson County Bank of Lakewood under the terms of a written instrument which provided, inter alia, that Sampson and Stone had deposited the money with the bank “as Escrow Agent” to be held “subject to the terms hereof and the Special Instructions set forth in Schedule B.” It was provided in the instrument that:
“1. These instructions may be altered, amended, modified or revoked by writing only, signed by all of the parties hereto, and approved by the Escrow Agent * * *.
“2. No assignment, transfer, conveyance or hypothecation of any right, title or interest in and to the subject matter • of this Escrow shall be binding upon the Escrow Agent unless written notice thereof shall be served upon the Escrow agent, and * * *.”
Schedule B, above referred to, contained the following:
“Upon notification by Garland-Garrison Water Association monies held in escrow are to be released upon signatures of John V. Sampson and Virginia Belle Stone.
“If $7,896.87 has not been received by bank by June 16, 1961 all monies are to be returned to individuals concerned as listed on attached Financial Resumé.”
As of June 26, 1961, the bank had the sum of $7,826.76 in the escrow fund.
L & M Supply Company was the successful bidder and was awarded the contract to supply materials and labor involved in constructing the water system sought by the Garland-Garrison Water Association. The price bid by L & M Supply Company was $7,826.87. A major portion of the undertaking was sublet by L & M to *109 Skyline Development Company. Each of these corporations was .under the control and management of one Gantenbein. -
The Griffin Pipe Products Company, defendant in error, was requested .by Skyline to supply pipe for the project. It demanded assurance from Skyline that the merchandise would, be paid for when delivered. There is an inference that Griffin was informed that there was money held by Skyline’s bank to pay for the work. This appears from a letter of Griffin addressed to Skyline under date of June 29, 1961. However, the record discloses the following correspondence between L & M and the bank:
“June 26,1961
“L & M Supply Company 5801 West 52nd Avenue Arvada, Colorado
“Attention: Mr. Walter Wilkinson
Re: Garland-Garrison Water Association Escrow Account
“Gentlemen:
“Please be advised that we are holding in escrow the sum of $7,826.87 to be disbursed in payment of the installation of the water main, fittings and fire plugs in accordance with your bid which has been accepted by the Association.
“Very truly yours,
“H. Franklyn Horton “Assistant Vice President.
Upon receipt of this letter L & M responded to the bank as follows:
“Jefferson County Bank of Lakewood West Colfax Avenue at Wadsworth Lakewood, Colorado
“Attention: H. Franklyn Horton
Asst. Vice President
Re: Garland-Garrison Water Assoc. Escrow Account.
*110 “Dear Sir:
“We are in receipt of your letter, of June 26, 1961 in which you have advised that you are holding in escrow the sum of $7,826.87 to be disbursed in. payment of the installation of the water main, fittings and fire plugs in accordance with our bid which has been accepted by the Association.
“This letter is to instruct you that of the above mentioned sum, approximately $4,050.00 shall be held by you for the payment for pipe to be supplied by Griffin Pipe Division, Griffin Wheel Company, 2601 Ninth Avenue, Council Bluffs, Iowa, upon completion of said contract.
“The exact amount to become due Griffin Pipe Division will be shown by an invoice rendered by the said company and approved and delivered to you by our company.
“Yours very truly,
“L & M SUPPLY CO.
“Kenneth H. Gantenbein”
The bank did not answer this letter and at no time did it acknowledge liability to any person other than Sampson and Stone as the only persons authorized to withdraw moneys “in escrow” belonging to Garland-Garrison Water Association.
Griffin Pipe Products Company supplied the pipe required by Skyline at a time when it had no knowledge of the bank’s letter to L & M, and it cannot be said that the merchandise was furnished in reliance on that letter. Griffin, when it accepted the order,.was under the impression that a bank with which Skyline was doing business was holding funds with which to pay the account. This is apparent from Griffin’s letter -to Skyline dated June 29, 1961, in which it. was stated, inter alia:
“We understand that you have received a letter from your bank indicating that money covering the material for this project is being held in escrow and that Griffin *111 is being named as one of your suppliers. We also understand from your Mr. Wilkinson that a copy of this letter has been forwarded directly to me in Council Bluffs, Iowa.”
The installation was completed on August 9, 1961, and Sampson and Stone on behalf of Garland-Garrison Water Association directed that payment of the escrow balance be made by the bank to L & M Supply Company. This was done in full compmince with the terms of the escrow agreement. Griffin was not paid for the pipe. More than one year thereafter, on November 14, 1162, Griffin filed this action against the tank to recover the purchase price of the pipe de ivered at the request and order of Skyline. The Jefferson County Lank of Lakewood was not contacted by Griffin at any time prior to the late summer of 1962 when both Skyline and L & M had gone into receivership.
The trial court held that there had been an assignment by L & M of money payable to it from the funds placed in escrow by Sampson and Stone as trustees for Garland-Garrison Water Association. Griffin Pipe Products Company was not a party to the escrow agreement. That agreement by its express terms prevented any change in its terms except on the signed order of Sampson and Stone and the approval of the bank. The bank, having exhausted the “escrow fund” in full compliance with the only instrument by which it was bound, cannot be held to account for the funds to any other persons or corporations to whom it had assumed no duties. See Henderson v. Greeley National Bank, 111 Colo. 365, 142 P.2d 480, from which we quote the following;
“* * * ‘As a deposit is a matter of contract between depositor and bank, the depositor may stipulate at the time of deposit as to how or by whom * * * the money may be drawn out; * * *. The signature upon which a depositor is to be bound and the bank is to be authorized to disburse his money and charge his account therefor *112 may be whatever they agree upon. The bank must, however, in paying out a deposit, comply with its agreement with the depositor.’ 7 Am. Jur., p.360, § 506. * * *”
The judgment is reversed with directions to dismiss the action.
Mr. Justice Day and Mr. Justice Hodges concur.